UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDWARD HUMPHREY — PLAINTIFF

V. — CIVIL ACTION NO. 3:25-CV-509-KHJ-MTP

KROGER LIMITED PARTNERSHIP I, et al. — DEFENDANTS

ORDER

Before the Court is Defendant TrueSource, LLC's ("TrueSource") [17] Motion for Judgment on the Pleadings. For the reasons below, the Court grants the [17] Motion.

I. Background

Plaintiff Edward Humphrey ("Humphrey") brings this personal injury action against Defendants Kroger Limited Partnership I ("Kroger") and TrueSource.

On September 1, 2022, Humphrey made a beverage delivery for his company to a Kroger store in Clinton, Mississippi. Am. Compl. [8] ¶ 10. While making the delivery, a roll-down door in Kroger's dock area "suddenly and without warning…fell from the hinges." *Id.* TrueSource is the company allegedly responsible for the "installation, maintenance, inspection, and/or upkeep" of the door. *Id.* ¶ 9. Humphrey alleges that the door hit him in the head, resulting in a concussion, loss of consciousness, and traumatic brain injury for which he still receives treatment. *Id.* ¶ 10.

Humphrey sued Kroger and ten "John Does" in Hinds County Circuit Court on June 13, 2025. State Ct. Compl. [1-1] at 2–3. Kroger timely removed the case to this Court. Notice of Removal [1]. After removal, Humphrey amended his complaint to add TrueSource as a defendant. *See* [8].

TrueSource moved for judgment on the pleadings on the [8] Second Amended Complaint pursuant to Fed. R. Civ. P. 12(c), and, in the alternative, summary judgment pursuant to Rule 56. Mot. [17]. They argued that Humphrey's claims against TrueSource are time-barred under the applicable three-year statute of limitations, and that the Second Amended Complaint does not relate back to the original Complaint's filing date because Plaintiff fails to satisfy the requirements of Fed. R. Civ. P. 15(c). *Id.*

II. Standard

The standard for a Rule 12(c) motion for judgment on the pleadings is "identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court "accept[s] all well-pleaded facts as true," but does "not accept as true conclusory allegations, unwarranted factual inferences, or legal

conclusions." *King v. Baylor Univ.*, 46 F.4th 344, 356 (5th Cir. 2022) (citations modified).

III. Analysis

Humphrey's claims against TrueSource are time-barred. If the allegations in a complaint "affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling," then the complaint is subject to dismissal. *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011). Humphrey's claims accrued on September 1, 2022. [1-1] at 4 (¶ 9); [8] ¶ 10. The parties agree that Humphrey filed his [8] Second Amended Complaint outside the applicable three-year statute of limitations. *See* [18]; [27]; Miss. Code Ann. § 15-1-49. Thus, the claims against TrueSource are barred by the statute of limitations unless Humphrey's Complaint raises a basis for tolling.

Humphrey argues that his claims against TrueSource are timely because the [8] Second Amended Complaint complies with Fed. R. Civ. P. 15(c). *See generally* Pl.'s Resp. in Opp'n [26]; Pl.'s Mem. in Opp'n [27]. But Humphrey's circumstances do not square with Rule 15(c)'s requirements.

To see why, start with what the rule requires. Fed. R. Civ. P. 15(c)(1) permits parties to amend a pleading and relate the amendment back to the date of the original pleading in these three circumstances:

> (A) The law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading; or

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied, and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

If an amendment fits within one of these categories, it is timely even if the statute of limitations has run. *See Jackson v. Wilkinson Cnty. Corr. Facility*, No. 5:22-cv-29-DCB-LGI, 2022 WL 4456778, at *1 (S.D. Miss. Sept. 23, 2022) (citing *Krupski v. Costa Crociere*, 560 U.S. 538, 550 (2010)). Humphrey's amendment fits in none of these categories. The Court addresses each in turn.

A. Fed. R. Civ. P. 15(c)(1)(A)

Mississippi law does not permit relation back here. The applicable limitations period is governed by Mississippi law. *See* Miss. Code Ann. § 15-1-49(1); *Turnage v. McConnell Techs.*, 671 F. App'x 307, 309 (5th Cir. 2016). Relation back is permitted under Mississippi law only when a party who was unaware of an opposing party's name later substitutes that party's true name for a fictitious designation upon learning the party's identity. Miss. R. Civ. P. 9(h). This requires both a proper substitution for the fictitious party and reasonable diligence in identifying the true party before the limitations period expired. *See Doe v. Miss. Blood Servs.*, 704 So. 2d 1016, 1017–19 (Miss. 1997).

Humphrey failed to properly substitute TrueSource for a fictitious party. Adding a new defendant to an action without deleting any fictitious names from the original complaint is an improper substitution. *See id.* at 1018 (finding that the plaintiff improperly substituted the new defendant when "all 50 originally named John Does remain[ed]"); *Wilner v. White*, 929 So.2d 315, 317 (Miss. 2006) (finding an improper substitution where plaintiff added defendant's name yet left all original John Does in the amended complaint). Humphrey named ten John Doe defendants in the original Complaint. [1-1] at 3. Rather than substituting TrueSource for one of those fictitious parties, he instead added TrueSource's name as a new defendant in his amendment. [8]. The ten original John Does remain in the [8] Second Amended Complaint, just like the amended complaints in *Doe* and *Wilner*. [8] ¶ 4. Because Humphrey did not substitute TrueSource for a fictitious party, he failed to properly substitute as Rule 9(h) requires.

Humphrey also failed to conduct a reasonably diligent inquiry into the fictitious parties' true identities before the limitations period ran. Rule 9(h) requires plaintiffs to actually undertake such an inquiry, and courts strictly review whether that diligence requirement was met. *Doe*, 704 So. 2d at 1019 (citing *Womble v. Singing River Hosp.*, 618 So. 2d 1252, 1267 (Miss. 1993)).

Humphrey alleges that despite "numerous communications" with Kroger before filing the original [1-1] Complaint, he did not discover TrueSource's identity until Kroger's initial disclosures. [27] at 6–7. He offers no basis to show he asked

about the unnamed defendant's identity before the limitations period expired.[1] *See generally id.* He instead relies solely on the fact that Kroger never identified TrueSource as a potential defendant in response to his communications. *Id.* at 7. But the burden falls on Humphrey, not Kroger, to diligently identify unnamed defendants. *See Doe*, 704 So.2d at 1019 (requiring the plaintiff to exercise a reasonable inquiry to avoid "[allowing] tardy plaintiffs to sleep on their rights."). Humphrey made no such inquiry.

Because Humphrey neither properly substituted TrueSource for a fictitious defendant nor exercised reasonable diligence in identifying TrueSource, Mississippi law does not permit relation back for his claims against TrueSource. Therefore, his claims must satisfy either Fed. R. Civ. P. 15(c)(1)(B) or 15(c)(1)(C) to avoid dismissal.

B. Fed. R. Civ. P. 15(c)(1)(B)

Rule 15(c)(1)(B) also does not apply here. Rule 15(c)(1)(B) is inapplicable when the amended complaint adds a new party. *See Miller v. Hartfield*, No. 3:23-cv-3041-KHJ-MTP, 2024 WL 1893557, at *3 (S.D. Miss. Apr. 30, 2024). Because Humphrey added a new party in the [8] Second Amended Complaint that was not present in the [1-1] Complaint, Rule 15(c)(1)(B) does not apply. The only avenue remaining to prevent dismissal of his claims against TrueSource is Rule 15(c)(1)(C).

[1] Humphrey attached emails with Kroger regarding TrueSource's identity to his [26] Response in Opposition. [26-4]. The Court did not consider the emails so did not convert the motion to one for summary judgment. Still, the emails would not have changed the outcome because the emails were all dated after the statute of limitations expired. *See id.*

C. Fed. R. Civ. P. 15(c)(1)(C).

And finally, Rule 15(c)(1)(C) does not apply either because Humphrey's failure to name TrueSource was not a mistake of identity. That rule applies only when an amendment corrects a mistake about a party's identity, not when the amending party simply lacked knowledge of who the party was. *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998). Suing a "John Doe" defendant reflects a lack of knowledge, not mistake. *Id.*; *Miller*, 2024 WL 1893557, at *3 (Rule 15(c)(1)(C) inapplicable when the "original Complaint admitted that [the defendant] was 'unknown and unidentified'").

Humphrey's original [1-1] Complaint listed John Doe defendants and described them as "Defendants whose names, whereabouts, and/or involvement are at this time unknown to Plaintiff." [1-1] ¶ 3. He also admits he was "unaware of a service contract for the rolling door in question" and that he did not know of "another possible Defendant" until October 12, 2025. [27] at 3. This reflects a lack of knowledge, not a mistake, as to TrueSource's identity, so Humphrey's amendment does not satisfy Rule 15(c)(1)(C).

In sum, Humphrey's claims against TrueSource are time-barred and do not relate back to the original filing date.

IV. Conclusion

For the reasons above, the Court GRANTS Defendant TrueSource's [17] Motion for Judgment on the Pleadings and dismisses all claims against it with

prejudice. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 21st day of August, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE